IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FALON BLACKSHEAR,  *Plaintiff*, | § § § | |
| V. | § § § | CIVIL ACTION NO. 3:23-CV-00160 JURY |
| TRISURA SPECIALTY INSURANCE COMPANY,  *Defendant*. | § § § § | |

### TRISURA SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Trisura Specialty Insurance Company ("Trisura" or "Defendant"), files its Notice of Removal to the United States District Court for the Southern District of Texas, Galveston Division, on the basis of diversity of citizenship, and amount in controversy, and respectfully shows the following:

#### I. PROCEDURAL BACKGROUND

1. On April 6, 2023, Plaintiff, Falon Blackshear ("Plaintiff"), filed her Original Petition in a case styled *Falon Blackshear v. Trisura Specialty Insurance Company;* Cause No. 23CCV0025, pending in the County Court at Law of Chambers County, Texas.

2. Trisura received a copy of the Plaintiff's Original Petition on or about April 28, 2023 and made an appearance in this case.

3. Trisura files this notice of removal within 30 days of receiving notice of Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

1

5. Attached hereto are copies of the following documents:

- **Exhibit 1:** The state court's Docket Sheet;
- **Exhibit 2:** Citation for Trisura;
- **Exhibit 3:** Plaintiff's Original Petition;
- **Exhibit 4:** Defendant's Verified Answer; and
- **Exhibit 5:** List of Parties and Counsel.

## II.   BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.  Plaintiff and Defendant Trisura are diverse.**

7. **Plaintiff**, Falon Blackshear, is an individual residing in the State of Texas.

8. **Defendant**, Trisura Specialty Insurance Company, is and was at the time the lawsuit was filed, an Oklahoma domiciled insurance company with its principal place of business in Oklahoma City, Oklahoma. Trisura is therefore not a citizen of the State of Texas for diversity purposes.

9. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Defendant Trisura.

**B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

10. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross

negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

11.     Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim for alleged damages as a result of the February 2021 freeze event and Defendant wrongfully adjusted and underpaid Plaintiff's claims. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). An action in state court may be removed to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. To establish diversity jurisdiction under 28 U.S.C. § 1332, the parties must be diverse, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000). To determine whether jurisdiction is present for removal, the claims in the state court petition are considered as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

12.     When a defendant seeks to remove a lawsuit on the basis of diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific "good faith" sum demanded by the Plaintiff in the state court petition. *See* 28 U.S.C. § 1446(c)(2); *St.*

3

*Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a different rule, the sum claimed by the Plaintiff controls if the claim is apparently made in good faith."). But when, in contravention of state law, a Plaintiff specifically alleges that damages will not exceed the federal jurisdictional amount, the pleading is not made in good faith and the deference typically afforded the Plaintiff's pleading does not apply. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir.1995) (noting that "the face of the Plaintiff's pleading will not control if made in bad faith," and criticizing manipulative tactics by Plaintiffs that reduce the amount in controversy to avoid federal jurisdiction and removal).

13. Plaintiff alleged "Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." Plaintiff alleges damages as a result of violations of the Prompt Payment of Claims Statute, Bad Faith, Deceptive Trade Practices Act, Breach and Anticipatory Breach of Contract, Breach of the Duty of Good Faith and Fair Dealing, Fraud, and Ongoing Conspiracy to Commit Illegal Acts.

14. A removing defendant satisfies its burden of proof when it shows by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum at the time of removal. *De Aguilar,* 47 F.3d at 1408-11. A removing defendant can show the amount in controversy actually exceeds the jurisdictional minimum if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount." *See e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

15. Plaintiff seeks attorney's fees [*See* Plaintiff's Original Petition, Paragraph 30 and Damages and Prayer], exemplary damages [*See* Plaintiff's Original Petition, Paragraph 30 and

4

Damages and Prayer] and unqualified statutory damages, statutory interest, pre-judgment and post-judgment interest, mental anguish, and costs of suit. [*See* Plaintiff's Original Petition, Damages and Prayer.]. Given the nature of the case involving alleged damage to Plaintiff's property, Plaintiff's damage model exceeded the requisite jurisdictional threshold of $75,000 at the time of removal.

16. Because Texas law does not preclude a court or jury from awarding an amount greater than what a Plaintiff seeks in Plaintiff's pleadings and other filings, such an affirmation, without more, does not provide sufficient certainty that Plaintiff would not be able to recover more in state court than the amount Plaintiff would seek. *See Washington-Thomas v. Dial Am. Mktg., Inc.*, EP-12-CV-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012)(not reported).

17. Since the Plaintiff requested attorney's fees, court costs, and additional damages allowed by the DTPA and Texas Insurance Code (specifically "three times economic damages and three times mental anguish damages" are sought in Plaintiff's petition), it was facially apparent from the petition, that Plaintiff's damages would likely exceed the requisite $75,000 threshold at the time of removal. Furthermore, where a Plaintiff wants to prevent removal, a binding stipulation or affidavit **must be filed with their original complaint**. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (emphasis added) (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)). Once the case has been removed by the defendant, later filings become "irrelevant" for determining jurisdiction. *Id.*; *Carrasquillo v. State Farm Lloyds*, 17 F. Supp. 3d 584, 586 (W.D. Tex. 2013).

18. Trisura has shown by the preponderance of the evidence that Plaintiff's amount in controversy likely exceeded the minimal jurisdictional threshold at the time of removal.

5

### III. THIS REMOVAL IS PROCEDURALLY CORRECT

19. Trisura received notice of this lawsuit on or about April 28, 2023, when Trisura was served with Plaintiff's Original Petition. Thus, Trisura is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

20. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

21. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

22. Promptly after Trisura files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

23. Promptly after Trisura files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of Chambers County pursuant to 28 U.S.C. §1446(d).

24. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant Trisura Specialty Insurance Company hereby removes this case to this Court for trial and determination.

*(Signature Block on next page)*

Respectfully submitted,

By: /s/ George Arnold
    **George Arnold**
    State Bar No. 00783559
    garnold@thompsoncoe.com
    **Susan Sparks Usery**
    State Bar No. 18880100
    susery@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, LLP
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone: (713) 403-8210
    Facsimile: (713) 403-8299

**Attorneys for Defendant**
**TRISURA SPECIALTY INS. CO.**

### CERTIFICATE OF SERVICE

This is to certify that on the 26th day of May, 2023, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Eric B. Dick
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com
*Attorney for Plaintiff*

    */s/ George Arnold*
    George Arnold